## Commonwealth v. Premier Cereal and Beverage Co. et al.

*Wilhelm F. Knauer*, Special Deputy Attorney-General, and *Thomas J. Baldrige*, Attorney-General, for Commonwealth.

*James F. Masterson*, for Premier Cereal and Beverage Company.

*Maurice W. Sloan*, for Maryland Casualty Company.

MARTIN, P. J., Jan. 2, 1929.—A petition was filed by the Premier Cereal and Beverage Company, averring that during the year 1926 it operated a cereal beverage plant for the manufacture of malt liquor with less than one-half of 1 per cent. of alcoholic content, under a permit issued by the Federal Prohibition Commissioner; that on April 19, 1926, petitioner made application to the Pennsylvania Alcohol Permit Board for registration of its Federal permit, under section 4 of the Act of Feb. 19, 1926, P. L. 16; that the Pennsylvania Alcohol Permit Board illegally and without warrant of law required petitioner to execute and deliver to it, as a prerequisite to the registration of

its Federal permit, an application for a permit, accompanied by a bond in the penal sum of $10,000, conditioned for the faithful observance of all laws of this Commonwealth relating to intoxicating liquor, and granted a permit instead of registering petitioner's Federal permit, which was the only obligation placed upon petitioner by the law; that on Oct. 1, 1926, the Pennsylvania Alcohol Permit Board, after hearing, revoked petitioner's permit, and on Oct. 20, 1926, entered judgment on the bond and assessed damages at $10,000.

It is alleged in the petition that the Act of Assembly of Feb. 19, 1926, P. L. 16, does not require the holder of a Federal permit to execute a bond, and that petitioner in the application reserved the right to contest the legality of the action of the Pennsylvania Alcohol Permit Board in requiring it to execute the application in that form and to execute the bond.

It is further averred that the Pennsylvania Alcohol Permit Board entered judgment against petitioner on the bond without showing that petitioner had violated any law of the Commonwealth of Pennsylvania or of the United States, and despite the fact that no violation of any of the laws of this Commonwealth or of the United States concerning intoxicating liquor has been committed by the petitioner.

A rule was granted to show cause why the judgment should not be opened and defendant let into a defense and the writ of *fieri facias* issued set aside.

An answer was filed on behalf of the Commonwealth, which averred that the Premier Cereal and Beverage Company operated a brewery or cereal beverage plant during the year 1926 in the City of Philadelphia, contrary to the provisions of the National Prohibition Act and the rules and regulations promulgated thereunder, and contrary to the provisions of the Act of Assembly of March 27, 1923, P. L. 34, and its Supplemental Act of Feb. 19, 1926, P. L. 16, and the rules and regulations of the Pennsylvania Alcohol Permit Board promulgated thereunder.

It is also denied that petitioner made application to the Pennsylvania Alcohol Permit Board for registration of its Federal permit, and that the Pennsylvania Alcohol Permit Board illegally and without warrant of law required petitioner to execute and deliver, as a prerequisite to registering its Federal permit, an application for a permit accompanied by a bond in the penal sum of $10,000, conditioned for the faithful observance of all the laws of this Commonwealth relating to intoxicating liquor and granted a permit instead of registering petitioner's Federal permit; and averred that the Premier Cereal and Beverage Company, upon application accompanied by a bond in the sum of $10,000, was granted a permit to operate a brewery or cereal beverage plant in accordance with the laws and regulations of the United States and the Commonwealth of Pennsylvania; and that the permit was required under the provisions of the Act of Feb. 19, 1926, P. L. 16, and the rules and regulations of the Pennsylvania Alcohol Permit Board; that the permit was revoked and judgment entered on the bond.

It is denied in the answer that the Act of Assembly of Feb. 19, 1926, P. L. 16, does not require the holder of a Federal permit to execute a bond, and that petitioner reserved the right to contest the legality of the acts of the Pennsylvania Alcohol Permit Board in requiring it to execute the application and bond. It is averred that the bond was filed in compliance with section 8 of the Act of Feb. 19, 1926, P. L. 16, and article IV, section 3, of the Rules and Regulations of the Pennsylvania Alcohol Permit Board; that the form of the bond is the form adopted by the Pennsylvania Alcohol Permit Board under authority of the act of assembly and rules and regulations of the board; that

the damages were assessed in the sum of $10,000 as provided in the bond; that a declaration and affidavit of default were filed at the time judgment was entered, averring that the Premier Cereal and Beverage Company failed to observe the provisions of the Act of Feb. 19, 1926, P. L. 16, and the laws of the Commonwealth of Pennsylvania relating to the manufacture of cereal beverages; that the permit to operate a brewery or cereal beverage plant was revoked and canceled, and the bond forfeited on the grounds set forth in the record of the proceeding before the Pennsylvania Alcohol Permit Board No. 1, 1926, which, with the report of the board, is attached and made part of the declaration and affidavit of default.

A stipulation was filed reciting the circumstances relating to the execution and delivery of the bond and forfeiture of the permit. It was agreed by counsel "that the only issue for the determination of the court under the petition and answer filed in this case is: Does the act require a Federal permittee to secure a State permit and file a bond in the sum of $10,000; or does the act simply require a Federal permittee to register its Federal permit in accordance with section 4 of the Act of Feb. 19, 1926, P. L. 16, without filing a bond?"

Section 4 of the Act approved Feb. 19, 1926, P. L. 16, requires every person, except those specifically exempted by section 5 of the act, holding a Federal permit under the National Prohibition Act to file a true and exact copy with the Pennsylvania Alcohol Permit Board and cause to be registered the name and address of each person to whom the Federal permit is issued, the date of the permit, the date of its expiration and a brief description of the provisions of the permit, which copy shall be filed in its office.

On April 19, 1926, the Premier Cereal and Beverage Company applied to the Pennsylvania Alcohol Permit Board for registration of its Federal permit and filed an application for a State permit and executed à bond in the sum of $10,000, conditioned for the faithful observance of the laws of the Commonwealth relating to intoxicating liquors. A permit was granted, which, on Oct. 1, 1926, was revoked for violation of the National Prohibition Act and the Pennsylvania Act of March 27, 1923, P. L. 34, and its supplement, the Act of Feb. 19, 1926, P. L. 16, and the Rules and Regulations of the Pennsylvania Alcohol Permit Board.

The bond was forfeited and judgment was entered against the Premier Cereal and Beverage Company, as principal, and the Maryland Casualty Company, surety on the bond.

Section 3 of the Act of Feb. 19, 1926, P. L. 16, directs that it shall be unlawful for "any person" without a permit from the Commonwealth, except those exempted by section 5, to manufacture within this Commonwealth any alcoholic liquid.

The Premier Cereal and Beverage Company was not exempted by section 5 of the act, but was subject to the provisions of section 3.

Section 8 of the act directs the condition to be inserted in the bond.

Under section 13, upon learning of any violation of the act or of any rule or regulation promulgated by the board under authority of the act, or of any provisions of the act to which this act is a supplement, by the holder of a permit, the board is empowered to cite such permittee to appear before it to show cause why the permit should not be revoked. If, upon hearing, the board is satisfied that any violation has occurred, it shall immediately revoke the permit.

The board learned of violations by the Premier Cereal and Beverage Company, cited the company to appear in accordance with the provisions of the

act, and, after hearing, being satisfied that violation had occurred, the board revoked the permit. An appeal was taken to the Court of Common Pleas and the appeal was dismissed. The Supreme Court affirmed the decision of the Court of Common Pleas.

Section 3 of the Act of Feb. 19, 1926, P. L. 16, made it unlawful for any person not specifically exempted by section 5 to manufacture or produce any alcoholic liquid without a permit from the Commonwealth. Persons holding a Federal permit are not exempted in section 5. They are required by section 4 to file a true and exact copy with the Pennsylvania Alcohol Permit Board, but cannot conduct the business of manufacturing or producing any alcoholic liquid without a permit from the Commonwealth.

A permit was duly issued to the Premier Cereal and Beverage Company. A bond in the form and with the conditions required by the law was executed and delivered. There was a breach of the condition of the bond which rendered the Premier Cereal and Beverage Company, as principal, and the Maryland Casualty Company, surety, liable under the terms of the bond.

Judgment was properly entered.

And now, Jan. 2, 1929, it is ordered and decreed that the Act of Feb. 19, 1926, § 3, P. L. 16, required the Premier Cereal and Beverage Company to obtain a State permit and file a bond in the sum of $10,000, in addition to registering its Federal permit, in accordance with section 4 of the act. On a breach of the condition of the bond, judgment was entered. No legal reasons have been presented for opening the judgment. The rule to open the judgment and set aside the execution is discharged. An exception is noted for defendant to this action of the court.